CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

**FILED**

Oct 23 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DESEAN BAILEY,<br><br>Defendant. | CASE NO. 4:26-mj-71382 MAG<br><br>NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on or about October 23, 2026, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon an

☐ Indictment

☐ Information

☐ Criminal Complaint

☒ Other (describe) Supervised Release Violation Petition

pending in the Eastern District of California, Case Number 25-CR-00290-01.

In that case (copy of the supervised release petition is attached), the defendant is charged with two violations of Title 18 United States Code, Section 3583(e).

Description of Charges:

Charge One: The defendant violated the mandatory condition of his supervision requiring the defendant not to commit another federal, state or local crime. The petition alleges that on August 27, 2026, officers of the Fairfield Police Department cited the defendant for violating California Penal Code Section 71(A)(1) – Threaten School/Public Officer/Employee (misdemeanor) and California Education Code Section 32210 – Willfully Disturbing a School Zone (misdemeanor). The citations stem from the defendant arguing with the principal of the school attended by the defendant's child.

Charge Two: The defendant violated the standard condition requiring him to notify his probation officer within 72 hours of an arrest or law enforcement contact. The petition alleges that the defendant failed to notify his probation officer of the interaction with police referenced in Charge One.

The maximum penalties are as follows:

- Maximum sentence: 2 years;
- Maximum term of supervised release: 1 year less any term of imprisonment imposed; (Under 18 U.S.C. § 3583(e)(3), where supervision has previously been revoked and a term of imprisonment was imposed, the maximum term of supervision on a subsequent revocation is limited to the statutory maximum (here, three years), less any term of imprisonment imposed previously (here, 2 years), and any additional term of imprisonment imposed on the current violation petition)

Respectfully Submitted,

CRAIG H. MISSAKIAN
UNITED STATES ATTORNEY

Date: October 23, 2026

/s

SAILAJA M. PAIDIPATY
Assistant United States Attorney

# Exhibit A

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**USA ,**

Case No: **2:25–CR–00290–DAD**

v.

**DESEAN BAILEY ,**

USMS SACRAMENTO RCVD
SEP 9 2026 AM 11:29

## WARRANT FOR ARREST

**TO: THE UNITED STATES MARSHAL**
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED TO ARREST: Desean Bailey**

and bring him or her forthwith to the nearest United States magistrate judge to answer a(n)

**Supervised Release Violation Petition**

charging him or her with *(brief description of offense)*

**Violation of Supervised Release**

in violation of Title **18** United States Code, Section(s) **3606**

K. Lopez
Name of Issuing Officer

Deputy Clerk
Title of Issuing Officer

[signature]
Signature of Issuing Officer

**9/9/26** **Sacramento, CA**
Date and Location

Bail fixed at **NO BAIL** by **District Judge Dale A. Drozd**

**RETURN**

This warrant was received and executed with the arrest of the above–named defendant ______________

Date Received ______________ Name and Title of Arresting Officer ______________

Date of Arrest ______________ Signature of Arresting Officer ______________

# Exhibit B

# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Person Under Supervision

**Name of Person Under Supervision:** Desean Bailey **Docket Number:** 0972 2:25CR00290-001

**Name of Judicial Officer:** United States District Judge Dale A. Drozd

**Date of Original Sentence:** 8/29/2018

**Original Offense:** 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm and Ammunition (Class C Felony)

**Original Sentence:** 57 months custody of the Bureau of Prisons; 3 years Supervised Release; $100 Special Assessment; Mandatory Drug Testing; DNA Collection.

**Special Conditions:**

1. Pay Special Assessment
2. Mental Health Treatment
3. DNA Collection
4. No Firearms
5. Search

**Type of Supervision:** TSR

**Date Supervision Commenced:** 12/13/2023

**Date Supervision Recommenced:** 9/15/2025

**Other Court Actions:**

**12/13/2023:** Supervised Release was revoked in the Northern District of California for New Law Violation; Possession of a Firearm; Unlawful Possession of a Controlled Substance. Sentence: 24 months custody of the Bureau of Prisons; 12 months term of Supervised Release; Mandatory Drug Testing; DNA Collection. Special Conditions: 1) Mental Health Treatment; 2) Pay Restitution 3) Search; 4) No Firearms) 5) DNA Collection.

**10/31/2025:** Prob 12A – Report on Person Under Supervision was submitted in the Northern District of California due to Mr. Bailey's positive drug test for marijuana. The court approved the probation officer's plan.

**12/23/2025:** Jurisdiction was transferred from the Northern District of California to the Eastern District of California.

**PETITIONING THE COURT**

☒ **TO ISSUE A NO BAIL WARRANT. THIS PETITION IS TO BE SEALED UNTIL FURTHER ORDER OF THE COURT.**

The probation officer alleges the Person Under Supervision has violated the following condition(s) of supervision:

**Charge Number** **Nature of Violation**

**Charge 1:** **NEW LAW VIOLATION**

On August 27, 2026, Mr. Bailey was contacted by the Fairfield Police Department and was cited for California Penal Code 71(A)(1) - Threaten School/Public Officer/Employee, a misdemeanor and California Education Code 32210 - Willfully Disturb a School Zone, a misdemeanor. This is a violation of Mandatory Condition that states, *"The defendant shall not commit another federal, state or local crime."*

**Charge 2:** **FAILURE TO NOTIFY OF LAW ENFORCEMENT CONTACT**

On August 27, 2026, Mr. Bailey had contact with officers of the Fairfield Police Department. He failed to notify the probation officer as required. This is a violation of Standard Condition Number 10, which states, *"If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours."*

**Justification:** Mr. Bailey transferred to the Eastern District of California in December 2025, after his supervision was revoked in the Northern District of California.

On August 6, 2026, Mr. Bailey reported to the U.S. Probation Office and submitted a positive drug test for marijuana. He admitted marijuana use and signed an admission form on which he wrote "weed helps me process my problems."

On August 27, 2026, an officer of the Fairfield Police Department was dispatched to C.G. Elementary School regarding Mr. Bailey who was yelling and making threats to harm the principal. Upon the arrival of the officer, Mr. Bailey was gone. The principal reported that Mr. Bailey entered the school's front office and was angry about his son's mother picking him up from school while she was mentally unwell. Mr. Bailey's frustration escalated into a loud verbal dispute, and a witness had to physically restrain him from

entering behind the front counter. While trying to push past the witness, Mr. Bailey statement included, *"...I'm going to come back and kill you...don't make it worse."*

The principal asked Mr. Bailey to leave, and the witness convinced him to leave. During the time Mr. Bailey's behavior escalated to the time he left, he disrupted campus, and alarmed school children through his demeanor, yelling, verbal threats, and behavior.

The officer spoke with Mr. Bailey on the phone. Mr. Bailey reported to the officer that he approached the principal to discuss his concerns about allowing his son's mother to pick up their son from school, especially that she may be experiencing mental health issues. He acknowledged he may have raised his voice and appeared angry during the conversation, but he explained that it was how he was raised, and he did not mean any harm.

To date, Mr. Bailey has not contacted me to report the incident at his child's school.

**Detention:** Mr. Bailey has convictions for assault and assault with a deadly weapon. His conduct is concerning and based on his criminal history, it is believed Mr. Bailey is a danger to the community. It is respectfully recommended that a warrant be issued, and he be detained throughout violation proceedings.

**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON:** **September 8, 2026**
**Sacramento, California**

Respectfully submitted,

**Miriam Olea**
**United States Probation Officer**
Telephone: (916) 930-4310

**DATED:** 9/8/2026

Reviewed by,

**Shannon L. Morehouse**
**Supervisory United States Probation Officer**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a no bail warrant. This Petition is sealed until further order of the court.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

IT IS SO ORDERED.

Dated: **September 8, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

CC:

United States Probation

United States Marshal Service

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Dale A. Drozd
United States District Judge
Sacramento, California

RE: Bailey, Desean
**Docket Number:** 0972 2:25CR00290

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

**Charge 1:** **NEW LAW VIOLATION**

a. **Evidence:**

   i. Fairfield Police Report Number 26-08388.

b. **Witnesses:**

   i. Officers of the Fairfield Police Department.

**Charge 2:** **FAILURE TO NOTIFY OF LAW ENFORCEMENT CONTACT**

a. **Evidence:**

   i. Fairfield Police Report Number 26-08388.

b. **Witnesses:**

   i. Probation Officer Miriam E. Olea.

Respectfully submitted,

**Miriam E. Olea**
**United States Probation Officer**
Telephone: (916) 930-4310

**DATED:** 9/8/2026
Sacramento, California

Reviewed by,

**Shannon L. Morehouse**
**Supervisory United States Probation Officer**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Person Under Supervision:** Desean Bailey **Docket Number:** 0972 2:25CR00290

**Date of Original Offense:** 11/06/2017

**Original term of supervised release imposed:** 3 years

**Highest grade of violation alleged:** C

**Criminal History Category of person under supervision:** V

**Original guideline range:** 1 **to** 120 **months.**

**Chapter 7 range of imprisonment:** 7 **to** 13 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**

☒ **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation: YES:** ☐ **NO:** ☒

**Original offense committed on or after 04/30/2003**: Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:** Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of: 1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing. If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:** Title 18 USC 3583(g) amended and instructs that supervision be revoked for: Testing positive for illegal controlled substances more than three times over the course of one year.